IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
FEB 10 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

MICHAEL J. DUNLEVY,

    Plaintiff,

v.

                                    CIVIL NO. 2:15CV347

DEPUTY KRIS COUGHLIN, ET AL.,

    Defendants.

### ORDER & OPINION

This matter comes before the Court on a Motion to Remand filed by Plaintiff Michael J. Dunlevy ("Plaintiff"). ECF No. 17. In his Motion to Remand, Plaintiff contends that (1) removal of the instant action to federal court was improper; and (2) remand is required because all federal claims in the original complaint were either dismissed by the Court or omitted by Plaintiff in the Amended Complaint. For the reasons stated herein, the Court finds that removal was proper; however, consideration of the principles of judicial economy, convenience and fairness to the parties, and comity weigh in favor of remanding the final state law claim for gross negligence to state court as all predicate federal claims have been previously dismissed or subsequently omitted from the Amended Complaint. Therefore, Plaintiff's Motion to Remand, ECF No. 17, is **GRANTED.**

I.    PROCEDURAL HISTORY

Plaintiff initially brought suit in the Circuit Court of Isle of Wight County, Virginia on July 13, 2015. Defendants filed a Notice of Removal to the United States District Court for the Eastern District of Virginia on July 31, 2015. Defendants then filed an initial Motion to Dismiss on August 3, 2015 and served Plaintiff's counsel that day both electronically through the

CM/ECF system and by mail. Plaintiff failed to respond to the Motion to Dismiss during the time afforded by Local Rule 7 and on September 1, 2015 Defendants filed a Notice advising the Court that their Motion to Dismiss was unopposed. Plaintiff never filed any response. On November 19, 2015, a hearing was held on the Motion to Dismiss, at which both parties were present. During the hearing, Defendants' made a motion to dismiss all claims for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Plaintiff sought leave to amend his Complaint. On November, 24, 2015, the Court granted Defendants' Motion to Dismiss with respect to all claims for failure to state a claim, denied Defendants' Motion to Dismiss for failure to prosecute, and granted Plaintiff's request to amend the complaint as to Count Two.

On December 10, 2015, Plaintiff filed an Amended Complaint, ECF No. 11, which amends Count Two of the original complaint. On December 23, 2015, the Defendants filed a Motion to Dismiss the Amended Complaint. ECF No. 12. Plaintiff filed his response on January 4, 2016, in addition to filing the instant Motion to Remand. Defendants replied to both of Plaintiff's filings on January 8, 2016 and January 13, 2016, respectively.

The Court dispenses with conducting a second hearing because the facts and legal contentions are adequately presented in the materials before the Court, including the record from the previously held hearing, and argument would not aid the decisional process.

## II. FACTUAL HISTORY AS ALLEGED IN PLAINTIFF'S AMENDED COMPLAINT

In the early morning hours just after midnight on October 15, 2013, Plaintiff alleges that he fell asleep, lost control of his vehicle, struck a tree, and was ejected from the 2002 Chevrolet Trailblazer he was driving, striking a wooden fence and losing consciousness. Am. Cmplt. ¶ 4.

Plaintiff had consumed alcohol earlier in the evening, but indicates he did not feel impaired after leaving a concert he had attended at the Ted Constant Convocation Center in Norfolk.[1] Id.

Witnesses at the scene indicate a neighbor, who was trained as a nurse, was the first to attend to the Plaintiff after the accident. Id. at ¶¶ 6–8. The witnesses recall that this neighbor approached the Plaintiff with a flashlight, assisted him, and that he stood up in the ravine where he had landed. Id. at ¶ 8. The witnesses report that emergency medical personnel subsequently arrived on the scene with an ambulance. Id. at ¶¶ 6–8. The Defendants, Deputy Kris Coughlin and Sergeant Kimberly Davenport of the Isle of Wight County Sheriff's Department, arrived at some point thereafter. Id. at ¶¶ 6–8. The Plaintiff was then moved from where he had landed to the roadway near the back of the ambulance, where it is alleged that emergency medical personnel attended to him. Id. at ¶¶ 7, 11.

Although Plaintiff indicates he only has bits and pieces of memory from the incident, Plaintiff reports that, upon regaining consciousness, he was asked questions by emergency medical personnel, felt pain in multiple areas of his body, and was in a state of shock and fogginess of mind. Id. at ¶¶ 8–9. Plaintiff alleges that upon the Defendants arrival at the scene they stopped medical personnel from tending to him and "decided that the Plaintiff should have to perform field sobriety tests prior to his transport to the hospital for his life threatening injuries." Id. at ¶ 12. Plaintiff remembers attempting to comply with Coughlin and Davenport's requests during the field sobriety test, but allegedly could not adequately perform the challenges "due to the severity of his injuries." Id. at ¶ 13. Plaintiff also recalls that Coughlin and Davenport subsequently demanded he take a breathalyzer test. Id. at ¶ 14. Plaintiff reports he attempted to

---

[1] The Plaintiff subsequently pled guilty for driving while intoxicated in this incident before the District Court of the Isle of Wight County on April 10, 2014. Plaintiff was sentenced to five days of mandatory jail time, which is required under Virginia law when a defendant has a blood alcohol level between 0.15 and 0.20. See Va. Code. Ann. 18.2-270.

comply with the demand, but could not "as he could not breathe properly due to his massive internal injuries and internal bleeding." Id. Plaintiff asserts the officers became angry as a result of Plaintiff's failure to complete the test. Id.

Plaintiff alleges that two witnesses at the scene saw Plaintiff interact with the Defendants and attempt to perform various tests. Id. at ¶¶ 6–8. One witness indicates she "heard the female officer, Defendant Davenport, tell the Plaintiff after the tests that he needed medical attention." Id. at ¶ 6. The same witness heard "Plaintiff state that he didn't need [medical attention]." Id. However, Davenport "advised him that he was in shock and repeated that he needed medical attention; [at which point] the Plaintiff complied." Id. Another witness indicates the Defendants detained Plaintiff for a period lasting between ten to twenty minutes. Id. at ¶ 7.

Plaintiff alleges that he was eventually permitted to be transported in an ambulance to Riverside Hospital. Id. at ¶ 15. Plaintiff alleges "he underwent immediate emergency surgery to save his life" and was found to have suffered a complex fracture of the T10 level vertebrae, a compression fracture of the T11 vertebrae, head trauma, and lacerations to his arm, wrist, hand, and liver. Id.

### III. PLAINTIFF'S MOTION TO REMAND

In his Motion to Remand, Plaintiff argues that: (1) removal of the instant action to federal court was improper; and (2) remand is required because all federal claims in the original complaint were either dismissed by the Court or omitted by Plaintiff in the Amended Complaint.

#### A. Removal to Federal Court was Proper

Generally, an action "initiated in state court can be removed to federal court only 'if it might be have brought in [federal court] originally.'" Sonoco Products Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir. 2003) (quoting Darcangelo v. Verizon Communications,

Inc., 292 F.3d 181, 186 (4th Cir. 2002)) (alteration in original). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under federal law "only when the plaintiff's well-pleaded complaint raises issues of federal law." Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). A plaintiff may "'avoid federal jurisdiction by exclusive reliance on state law' in drafting his complaint." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

When deciding whether removal was proper, a court "must consider the complaint as it existed at the time of removal." Jackson v. Alleghany Cty., 2008 WL 467359, at *1 (W.D. Va. Feb. 19, 2008) (citing Pinney v. Nokia, Inc., 402 F.3d 430, 443 (4th Cir. 2005) ("Because amendment occurred after removal, we look at the original complaints rather than the amended complaints in determining whether removal was proper.")). All doubts regarding whether removal was proper must be "resolved in favor of remanding the case to state court." Brooks v. Maersk Line, Ltd., 396 F. Supp. 2d 711, 714 (E.D. Va. 2005); see also Shamrock Oil & Gas Corp., 313 U.S. 100, 108-09 (1941); Roche v. Linconl Prop. Co., 373 F.3d 610, 615 (4th Cir. 2004).

The original complaint was filed by Plaintiff in the Isle of Wight Circuit Court on July 13, 2015. Defendants filed a Notice of Removal to the United States District Court for the Eastern District of Virginia on July 31, 2015. Plaintiff contends that all counts in the original complaint were state law negligence claims and any references to federal law were not intended to raise independent federal claims; however, the face of the original complaint demonstrates otherwise. Under each of the four counts included in the original complaint, Plaintiff alleged that various defendants had deprived him of "his rights, privileges, and immunities secured by the

United States Constitution, the Virginia Constitution and the laws of both the U.S. and the Commonwealth of Virginia." ECF No. 1, Attachment 1 at ¶¶ 16, 23, 31, 39. Plaintiff continued by claiming again that certain defendants deprived him of "his rights, privileges, and immunities secured by the United States Constitution or laws of the United States and the Commonwealth of Virginia." Id. at ¶ 41. Additionally, Plaintiff alleged the Defendants "wrongfully denied [him of] his right to freedom from the seizure of his person without warrant lawfully issued, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 41 U.S.C. § 1983." Id. at ¶ 45. These pleadings clearly set forth multiple causes of action arising under federal law that established a sufficient basis for the Court to exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331. As a result, the Court issued an Order dismissing Plaintiff's federal and state claims, but allowed Plaintiff to amend Count Two, and only Count Two, of the original complaint.

### B. The Relevant Interests Weigh in Favor of Remanding the Remaining State Law Claims

Federal courts "have supplemental jurisdiction over state law claims that 'form part of the same case or controversy' as the federal claim." Savage v. W. Virginia Dep't of Health & Human Res., 523 F. App'x 249, 250 (4th Cir. 2013) (quoting 28 U.S.C. § 1367(a)). The doctrine of supplemental jurisdiction and controlling precedent "indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away." Shanaghan v. Cahill, 58 F.3d 106, 109-10 (4th Cir. 1995) (emphasis in original); see also 28 U.S.C. § 1367. Courts have "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished" and may inform their decision by considering the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id. This doctrine

6

allows courts to deal with pendent state law claims "in the manner that most sensibly accommodates a range of concerns and values." Id. (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988).

The federal claims in the instant action were dismissed or removed during the pre-trial period and this action has been pending before the Court for approximately six months. Where, as here, "dismissal of the federal claim occurs early in the pre-trial period, concerns of fairness and judicial economy are less likely to be significant, and concerns of comity and federalism are more likely to predominate and counsel against retaining jurisdiction." Crumble v. Am. Bus. Mortgage Servs., Inc., 2003 WL 24198400, at *2-3 (E.D. Va. Apr. 2, 2003) aff'd sub nom. Crumble v. New Directions Mortgage Co., 77 F. App'x 665 (4th Cir. 2003). Although both parties have expended effort in briefing, the instant action remains at a stage where significant resources have yet to be expended by the parties and the Court. The Court finds that neither party would be unduly burdened or prejudiced by resolving the remaining state law claim for gross negligence in state court. In addition, the primary responsibility for developing and applying state law rests with state courts. Therefore, despite the Court's doubts regarding the merits of Plaintiff's case, the Court finds it in the interest of comity to remand the remaining state law claim to state court.

IV. CONCLUSION

For the reasons stated herein, the Court finds that removal was proper; however, consideration of the principles of judicial economy, convenience and fairness to the parties, and comity weigh in favor of remanding of the final state law claim for gross negligence to state court as all predicate federal claims have been previously dismissed or subsequently omitted from the Amended Complaint. Therefore, only Plaintiff's charges of gross negligence by

intentional deprivation of medical treatment are remanded to the Circuit Court of the Isle of Wight County, Virginia. Plaintiff's Motion to Remand, ECF No. 17, is **GRANTED**.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
February 9, 2016